Vincent Briganti (N.Y. Bar 2785376) (*pro hac vice* forthcoming)
Andrea Farah (N.Y. Bar 5224019) (*pro hac vice* forthcoming)
Radhika Gupta (N.Y. Bar 5926548) (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500

*Attorneys for Lead Plaintiff Movant Goldberg-Flores LLC*
*and the Proposed Lead Counsel*

[Additional counsel listed on the signature page]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 793, MEMBERS OF PENSION BENEFIT TRUST OF ONTARIO, on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SILVERGATE CAPITAL CORPORATION, ALAN J. LANE, ANTONIO MARTINO, KATHLEEN M. FRAHER, BENJAMIN C. REYNOLDS, DENNIS S. FRANK, MICHAEL LEMPRES, KAREN F. BRASSFIELD, ROBERT C. CAMPBELL, PAUL D. COLUCCI, THOMAS C. DIRCKS, SCOTT REED, COLLEEN SULLIVAN, AANCHAL GUPTA, GOLDMAN SACHS & CO. LLC, KEEFE, BRUYETTE & WOODS, INC., CANACCORD GENUITY LLC, COMPASS POINT RESEARCH & TRADING, LLC, CRAIG-HALLUM CAPITAL GROUP LLC, J.P. MORGAN SECURITIES LLC, and WEDBUSH SECURITIES LLC, <br><br> Defendants. | No. 3:23-cv-00099-RSH (DEB) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF GOLDBERG-FLORES LLC FOR (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF LEAD COUNSEL; (4) APPROVAL OF LIAISON COUNSEL** <br><br> **CLASS ACTION** <br><br> DATE: MARCH 14, 2023 <br><br> COURTROOM: 3B <br><br> HON. ROBERT S. HUIE <br><br> **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF GOLDBERG-FLORES LLC FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF LEAD COUNSEL; AND (4) APPROVAL OF LIAISON COUNSEL

CASE NO. 3:23-CV-00099-RSH (DEB)

| IN RE:<br><br>SILVERGATE CAPITAL CORPORATION SECURITIES LITIGATION. | Case No.: 3:22-cv-01936-CAB (MSB)<br><br>DATE: MARCH 14, 2023<br>COURTROOM: 15A<br>HON. CATHY ANN BENCIVENGO<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |
| --- | --- |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... ii

I.   PERTINENT BACKGROUND ...........................................................1

II.  STATEMENT OF ISSUES TO BE DECIDED .....................................3

III. FACTUAL BACKGROUND ..............................................................3

IV. ARGUMENT .....................................................................................5

    A.  The Related Actions Should be Consolidated...............................5

    B.  The Court Should Appoint Goldberg Flores as Lead Plaintiff ...................6

        1.  The Procedure Required by the PSLRA ................................6

        2.  Goldberg Flores Satisfies the Lead Plaintiff Provisions
           of the PSLRA ......................................................................7

          a.  Goldberg Flores Filed a Timely Motion .......................8

          b.  Goldberg Flores Has the Largest Financial Interest in
             the Relief Sought ....................................................8

        3.  Goldberg Flores Meets Rule 23's Typicality and
           Adequacy Requirements ..................................................10

          a.  Movant's Claims are Typical of the Claims of the Class .................11

          b.  Movant Will Adequately Represent the Class ...................12

    C.  The Court Should Approve of Movant's Choice of Counsel ....................13

        1.  The Court Should Appoint Lowey as Lead Counsel for the Class ......14

        2.  The Court Should Appoint Saxena White as Liaison Class Counsel...14

CONCLUSION......................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armour v. Network Assocs., Inc.,*
  171 F. Supp. 2d 1044 (N.D. Cal. 2001)................................................................7

*Banerjee v. Avinger, Inc.,*
  No. 17-CV-03400-CW, 2017 WL 4552063 (N.D. Cal. Oct. 11, 2017)...............9

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.,*
  65 F. Supp. 3d 840 (N.D. Cal. 2014)................................................................12

*Crawford v. Honig,*
  37 F.3d 485 (9th Cir. 1994), *as amended on denial of reh'g* ............................13

*Deering v. Galena Biopharma, Inc.,*
  No. 3:14-CV-00367-SI, 2014 WL 4954398 (D. Or. Oct. 3, 2014)....................10

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) ........................................................................12

*Hardy v. MabVax Therapeutics Holdings,*
  No. 18-CV-01160-BAS-NLS, 2018 WL 4252345 (S.D. Cal. Sept. 6, 2018)......10

*Hessefort v. Super Micro Computer, Inc.,*
  317 F. Supp. 3d 1056 (N.D. Cal. 2018)............................................................12

*In re Cavanaugh,*
  306 F.3d 726 (9th Cir. 2002) .................................................................. 9, 10, 11

*In re Initial Pub. Offering Sec. Litig.,*
  214 F.R.D. 117 (S.D.N.Y. 2002).......................................................................8

*In re Lantronix, Inc.,*
  No. CV02-03899PA(JTLX), 2003 WL 23198818 (C.D. Cal. Dec. 31, 2003) ......8

*In re Leapfrog Enterprises, Inc. Sec. Litig.,*
  No. C-03-05421 RMW, 2005 WL 3801587 (N.D. Cal. Nov. 23, 2005) .............12

*In re Olsten Corp. Sec. Litig.,*
  3 F. Supp. 2d 286 (E.D.N.Y.)............................................................................9

*In re QuantumScape Sec. Class Action Litig.,* No. 3:21-CV-00058-WHO,
  2021 WL 2070206 (N.D. Cal. May 18, 2021) .....................................................1

*Johnson v. OCZ Tech. Grp., Inc.,*
  No. CV 12-05265 RS, 2013 WL 75774 (N.D. Cal. Jan. 4, 2013).............. 7, 8, 13

*Kendall v. Odonate Therapeutics, Inc.,*
  3:20-CV-01828-H-LL, 2020 WL 7338297 (S.D. Cal. Dec. 14, 2020)...............13

ii

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................9

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
  No. 13-CV-05368-LHK, 2014 WL 2604991 n.3 (N.D. Cal. June 10, 2014) ......10

*Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*,
  332 F.R.D. 556 (M.D. Tenn.) ..............................................................................14

*Osher v. Guess? Inc.*,
  No. 01-CV-00871-LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) .11

*Progenity, Inc.*,
  No. 20-CV-01683-CAB-AHG, 2020 WL 7129365 (S.D. Cal. Dec. 3, 2020) .......5

*Richardson v. TVIA, Inc.*,
  No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)..............11

*Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*,
  No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217 (D. Ariz. Sept. 11, 2007)......9

*Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*,
  No. CV1602942SJOKSX, 2016 WL 10646304 (C.D. Cal. July 20, 2016)..........9

**Statutes**

15 U.S.C. § 78u-4(a) ...............................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)......................................................................................6

15 U.S.C. § 78u-4(a)(3)(A)(i)(II)............................................................................7

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................... 1, 6, 13

15 U.S.C. § 78u-4(a)(3)(B)(i)..................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(ii).................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)................................................................. 2, 7, 14

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)......................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)................................................................9, 11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)...........................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..................................................................14

15 U.S.C. § 78u-4(a)(3)(B)(v)...........................................................................7, 14

**Rules**

Fed. R. Civ. P. 23 ........................................................................................ *passim*

iii

Fed. R. Civ. P. 23(a)................................................................11

Rule 23(a)(3)...................................................................12

Rule 23(a)(4)...................................................................13

Fed. R. Civ. P. 42(a)...........................................................5, 6

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.221 (2004) ............................15

## MEMORANDUM OF POINTS AND AUTHORITIES

Goldberg-Flores LLC ("Goldberg Flores" or "Movant"), submits this Memorandum of Points and Authorities in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Movant as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the defendants in the above-captioned action ("Defendants") who purchased or otherwise acquired Silvergate Capital Corporation ("Silvergate" or the "Company") securities between November 11, 2020 and January 5, 2023[1], both dates inclusive (the "Class Period"); and (3) approving Movant's selection of Lowey Dannenberg, P.C. ("Lowey") as Lead Counsel for the Class and Saxena White P.A. ("Saxena White") as Liaison Counsel.

## I.   PERTINENT BACKGROUND

Four complaints have been filed against Silvergate. *Rosa v. Silvergate Capital Corp., et al,* No. 3:22-CV-01936-CAB (MSB) (the "*Rosa* Action") and *Guz v. Silvergate Capital Corp., et al,* No. 3:22-CV-01968-AJB (BGS) ("*Guz* Action") were filed on December 7, 2022 and 13, 2022, respectively. Pursuant to a joint motion filed by the plaintiffs and Defendants on December 20, 2022 (*Rosa* Action, ECF No. 9), the Court entered an order on January 5, 2023 consolidating these actions as *In re Silvergate Capital Corporation Securities Litigation* under the master docket number 3:22-CV-01936-CAB (MSB) ("*In re Silvergate*"). *Rosa* Action, ECF No. 18.

---

[1] The Class Period being alleged is November 11, 2020 and January 5, 2023, both dates inclusive, being the most comprehensive period out of the Related Actions. *See International Union Of Operating Engineers Local No. 793, Members Pension Benefit Trust Of Ontario v. Silvergate Capital Corporation et al.*, No. 3:23-CV-00099 (RSH) (the "IUOE 793 Action), ECF No.1 ¶ 1. *See also, In re QuantumScape Sec. Class Action Litig.*, No. 3:21-CV-00058-WHO, 2021 WL 2070206, at *1 (N.D. Cal. May 18, 2021) (finding different class periods not a bar to consolidation and noting that consideration should be given to longer class period).

A third action, *Thomas v. Silvergate Capital Corp., et al,* No. 3:23-CV-00043-LL (NLS) was filed on January 10, 2023 ("*Thomas* Action"). On January 17, 2023, this Court consolidated the *Thomas* Action with the previously consolidated actions in *In re Silvergate. Thomas* Action, ECF No. 10. On January 19, 2023, a fourth action was filed titled *International Union of Operating Engineers, Local No. 793, Members Pension Benefit Trust of Ontario v. Silvergate Capital Corp., et al,* No. 3:23-CV-000999-RSH (DEB) (the "*IUOE 793* Action"). The four lawsuits each allege violations of federal securities laws against Silvergate arising from the same alleged misconduct described herein (collectively, the "Related Actions"). Silvergate investors, including the Movant, incurred losses following the disclosure of the alleged fraud, which caused the prices of Silvergate securities to fall sharply, damaging Movant and other Silvergate investors.

Pursuant to the PSLRA, the Court is required to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with its purchases of Silvergate securities during the Class Period, Goldberg Flores incurred losses of approximately $646,535.32[2]. *See* Declaration of David R. Kaplan in Support of Motion ("Kaplan Decl."), Ex. B. Accordingly, Goldberg Flores believes that it has the largest financial interest in the relief sought in the Related Actions.

Goldberg Flores also meets the applicable requirements of Rule 23 because its claims are typical of absent Class members since Movant suffered a loss arising from the same wrongful course of conduct. Movant also meets the adequacy requirements

---

[2] Even if the Court were to consider the shorter class period of November 9, 2021 through January 5, 2023, inclusive, as being allege in *In re Silvergate*, Movant Goldberg Flores still has the largest financial losses, having suffered $646,535.32, and hence should be appointed as the Lead Plaintiff.

since it will fairly and adequately represent the interests of the Class as it has no conflicts of interest with other Class members.

To fulfill its obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Movant has selected Lowey as Lead Counsel and Saxena White as Liaison Counsel for the Class. Both Lowey and Saxena White are highly experienced in the area of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in their respective resumes. *See* Kaplan Decl., Ex. E and Ex. F, respectively.

Accordingly, Goldberg Flores respectfully requests that the Court enter an order consolidating the Related Actions, appointing Goldberg Flores as Lead Plaintiff for the Class and approving its selection of Lowey as Lead Counsel and appointing Saxena White as the Liaison Counsel.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should consolidate the Related Actions;
2. Whether the Court should appoint Movant as Lead Plaintiff under the PSLRA; and
3. Whether the Court should approve of Movant's selection of Lowey as Lead Counsel and Saxena White as Liaison Counsel for the proposed class.

## III.   FACTUAL BACKGROUND

Silvergate is a digital currency company, headquarters located in La Jolla, California.  The Company's common stock is listed on New York Stock Exchange ("NYSE") under the symbol "SI." Silvergate operates the Silvergate Exchange Network ("SEN"), a platform that provides payments, lending and funding solutions for an expanding class of digital currency companies. Silvergate is also the parent company of Silvergate Bank, which provides financial services, including commercial

banking, commercial and residential real estate lending, mortgage warehouse pending and commercial business lending.

The Related Actions each allege that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's platform lacked sufficient controls and procedures to detect instances of money laundering; (2) Silvergate's customers had laundered in excess of $425 million; (3) as a result of the foregoing, the Company was reasonably likely to receive regulatory scrutiny and face damages, including regulatory penalties and reputational harm; and (4) as a result of the foregoing, defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

The truth started to emerge on November 7, 2022, when the Company announced the sudden and unexplained demotion of its Chief Risk Officer, Tyler Pearson. Pearson's demotion seemingly came from Silvergate's exposure to FTX and indicated a lack of adequate oversight regarding the Company's regulatory compliance. Then on November 15, 2022, Marcus Aurelius Research tweeted that Silvergate's subpoenaed bank records reveal $425 million in transfers from $SI crypto bank accounts to South American money launderers, linking the money to smugglers/drug traffickers. On this news, the Company's Class A common stock price fell $6.13 or 17% to close at $29.36 per share on November 15, 2022, on heavy trading volume.

Two days later, on November 17, 2022, the Bear Cave released an article about several companies, that highlighted Silvergate's exposure to recently collapsed cryptocurrency exchange FTX. In addition to the money laundering issues, the Bear Cave report provided further details about Silvergate's connection to the South American money laundering operation, emphasizing Silvergate's lack of compliance monitoring and reporting protocols. The Bear Cave Report also drew attention to the Company's potential violations of its anti-nepotism policy, highlighting that several

4

high-level executives of the Company are closely related, and the Company's recently demoted Chief Risk Officer was Silvergate's CEO's Alan Lane's son-in-law. On this news, the shares of the Company slid further by $3.00 or 10.7% to close at $24.90 per share on November 18, 2022, on heavy trading volume.

On January 5, 2023, the Company published a press release announcing selected preliminary fourth quarter financial metrics and disclosed that the collapse of FTX has caused the Company's deposits to decrease by more than 60% or $8.1 billion in the fourth quarter of 2022. This stunning revelation caused *The Wall Street Journal* to call the Company's bank run as "worse than great depression-era runs." Moreover, on January 4, 2023 a federal judge ordered the seizure of about $93 million of FTX funds held at Silvergate. On this news, the price of Silvergate's stock declined by 42% from a closing price of $21.95 per share on January 4, 2023 to $12.57 per share on January 5, 2023.

## IV. ARGUMENT

### A. The Related Actions Should be Consolidated

Consolidation of related actions is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost, or delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a) and the PSLRA § (directing the Court to consolidate pending actions before it appoints the Lead Plaintiff). *See also Soe v. Progenity, Inc.*, No. 20-CV-01683-CAB-AHG, 2020 WL 7129365, at *2 (S.D. Cal. Dec. 3, 2020) ("Because both cases involve similar factual and legal issues surrounding the same alleged misconduct by Defendants, consolidation of the two cases would promote judicial economy.").

The claims asserted in the Related Actions involve common questions of both law and fact. The Related Actions are brought against the Company and the Individual Defendants for alleged violations of the federal securities laws arising from substantially the same wrongdoing, namely, that Defendants issued materially false and

5

misleading statements and/or omissions that artificially inflated the price of Silvergate's securities and damaged the members of the Class when the Company's share price plummeted as the truth emerged. *See and compare generally* the complaints filed in the *Rosa Action,* ECF No. 1; *Thomas* Action ECF No. 1; *Guz* Action ECF No. 1; and *IUOE Local No. 793* Action ECF No. 1. Because the Related Actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Fed. R. Civ. P. 42(a) is appropriate.

### B. The Court Should Appoint Goldberg Flores as Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

Movant Goldberg Flores respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

6

MEMORANDUM OF POINTS AND AUTHORITIES ISO OF MOTION OF GOLDBERG-FLORES LLC FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

CASE NO. 3:23-CV-00099-RSH (DEB)

(cc) otherwise satisfies the requirements of Rule 23.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001).

The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp., Inc.*, No. CV 12-05265 RS, 2013 WL 75774, at *4 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA). The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the Court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and has, to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses against it that Defendants could raise. Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

## 2. Goldberg Flores Satisfies the Lead Plaintiff Provisions of the PSLRA

Movant should be appointed lead plaintiff because it satisfies all of the requirements of PSLRA. Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.[3]

---

[3] *See In re Lantronix, Inc.*, No. CV02-03899PA(JTLX), 2003 WL 23198818, at *11 (C.D. Cal. Dec. 31, 2003) (refusing to limit putative class' claims based on lead plaintiff's standing and noting that "[c]ourts are constrained to choose a lead plaintiff

### a. Goldberg Flores Filed a Timely Motion

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  Here, after the *Rosa Action* was filed, the PSLRA Notice was published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which advised investors that a securities class action had been filed against the Defendants, and that putative Class members had 60 days from the publication of the PSLRA, or February 6, 2023, to file a motion for appointment as a lead plaintiff in the Action. *See* Kaplan Decl., Ex. A. Here, Movant has timely filed its lead plaintiff motion within the 60-day period.  *See Johnson*, 2013 WL 75774, at *6.

### b. Goldberg Flores Has the Largest Financial Interest in the Relief Sought

The second prerequisite to being appointed a lead plaintiff is that "in the determination of the Court, [the plaintiff] has the largest financial interest in the relief sought by the Class" of those persons moving to be appointed lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). To the best of knowledge, Goldberg Flores has the largest financial interest of any Silvergate investor seeking to serve as Lead Plaintiff.

For claims arising under federal securities laws, courts frequently assess financial interest based upon the four factors as initially articulated in the Northern District of Illinois in *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *7 (N.D. Ill. Aug. 11, 1997) and adopted in *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y.), *opinion adhered to on reconsideration sub nom. In re Olsten Corp.*, 181 F.R.D. 218 (E.D.N.Y. 1998): (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the

who has, among other things, the largest financial stake in the outcome of the case.") (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002).

8

MEMORANDUM OF POINTS AND AUTHORITIES ISO OF MOTION OF GOLDBERG-FLORES LLC FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

CASE NO. 3:23-CV-00099-RSH (DEB)

approximate losses suffered.  *Id.* The PSLRA does not specify how to assess which movant has the "largest financial interest in the relief sought by the class," and the Ninth Circuit has left it to the district courts to "select accounting methods that are both rational and consistently applied" in making this determination. *In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002). However, the *Lax/Olsten* factors have been routinely applied by courts in this Circuit. *See, e.g.*, *Banerjee v. Avinger, Inc.*, No. 17-CV-03400-CW, 2017 WL 4552063, at *2 (N.D. Cal. Oct. 11, 2017) (applying *Lax-Olsten* test); *Vancouver Alumni Asset Holdings, Inc. v. Daimler AG*, No. CV 16-02942 SJO (KSx), 2016 WL 10646304, at *2 (C.D. Cal. July 20, 2016) (same).

With respect to the final *Lax* factor, the amount of claimed losses, courts typically consider this the most determinative factor in identifying the plaintiff with the largest financial loss. *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217, at *4 (D. Ariz. Sept. 11, 2007) (Observing that "the Ninth Circuit has held that 'the most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest stake in the outcome of the case, so long as he meets the requirements of Rule 23.") (citing *In re Cavanaugh*, 306 F.3d at 729). In determining the applicant with the largest financial interest, it is well settled that where, as here, the filed complaints allege different class periods, courts generally utilize the longer, more inclusive class period in computing the largest financial interest of competing movants.  *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) ("Courts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest financial interest in the relief sought by the class.") (collecting cases); *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *1 n.3 (N.D. Cal. June 10, 2014) ("For purposes of appointing a lead plaintiff, the longest class period governs."); *Hardy v. MabVax Therapeutics Holdings*, No. 18-CV-01160-BAS-NLS, 2018 WL 4252345, at

9

MEMORANDUM OF POINTS AND AUTHORITIES ISO OF MOTION OF GOLDBERG-FLORES LLC FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

CASE NO. 3:23-CV-00099-RSH (DEB)

*4 (S.D. Cal. Sept. 6, 2018) ("As a general matter, courts usually . . . use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period.") (internal quotations omitted).

Here, the longest class period asserted in the Related Actions runs from November 1, 2020 through January 5, 2023. *See IUOE Local No.793*, Complaint ¶ 1. After filing of the *IUOE Local No. 793* action, a press release was published informing the public that the Class Period for the claims against Silvergate has been expanded while the deadline to apply for Lead Plaintiff remains the same as previously set. *See* Ex. D to the Kaplan Decl.

During this Class Period, Goldberg Flores (1) purchased 10,815 shares of Silvergate; (2) expended $798,693.72 on purchases of Silvergate; (3) retained all of its shares; and (4) as a result of the disclosures of the fraud, Goldberg Flores suffered a loss of $646,535.32 in connection with its purchase of Silvergate securities. *See* Kaplan Decl., Exs. B, C. Movant Goldberg Flores believes it has the largest financial interest in the recovery sought in this litigation compared to the interest of any other investor seeking appointment as Lead Plaintiff. Accordingly, pursuant to the PSLRA, Movant Goldberg Flores is presumed to be the "most adequate" lead plaintiff and should be appointed as such. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Goldberg Flores Meets Rule 23's Typicality and Adequacy Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23. *See In re Cavanaugh*, 306 F.3d at 729–30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the

10

MEMORANDUM OF POINTS AND AUTHORITIES ISO OF MOTION OF GOLDBERG-FLORES LLC FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

CASE NO. 3:23-CV-00099-RSH (DEB)

class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

However, at the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23 are] deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *In re Cavanaugh*, 306 F.3d at 730); *Osher v. Guess? Inc.*, No. 01-CV-00871-LGB(RNBX), 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001) ("[a]t the lead plaintiff stage, typicality and adequacy are the two relevant requirements of Rule 23. . . .").[4]

### a.  Movant's Claims are Typical of the Claims of the Class

Under Rule 23(a)(3), typicality exists where the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) it suffered the same injuries as the absent Class members; (ii) it suffered as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues. *See e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840 (N.D. Cal. 2014), *aff'd*, 856 F.3d 605 (9th Cir. 2017). Under Rule 23 a lead plaintiff's "claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *In re Leapfrog Enterprises, Inc. Sec. Litig.*, No. C-03-05421

---

[4] In making its determination, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, *prima facie* showing that the movant satisfies the relevant requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060–61 (N.D. Cal. 2018).

MEMORANDUM OF POINTS AND AUTHORITIES ISO OF MOTION OF GOLDBERG-FLORES LLC FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

CASE NO. 3:23-CV-00099-RSH (DEB)

RMW, 2005 WL 3801587, at *3 (N.D. Cal. Nov. 23, 2005) (quoting *Hanlon*, 150 F.3d at 1019).

Movant satisfies the typicality requirement as Movant's claims are typical of the Class and neither compete nor conflict with the claims of other Class members. Movant, like other Class members, acquired Silvergate's shares during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and sustained substantial damages following the disclosure of the fraud. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

### b. Movant Will Adequately Represent the Class

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Accordingly, in this District, representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive. *See Kendall v. Odonate Therapeutics, Inc.*, No. 3:20-CV-01828-H-LL, 2020 WL 7338297, at *2 (S.D. Cal. Dec. 14, 2020). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994), *as amended on denial of reh'g* (Jan. 6, 1995) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant Goldberg Flores has a significant and compelling interest in prosecuting this Action based on the large financial losses it suffered as a result of the wrongful conduct alleged in the action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant

MEMORANDUM OF POINTS AND AUTHORITIES ISO OF MOTION OF GOLDBERG-FLORES LLC FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; (3) APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

CASE NO. 3:23-CV-00099-RSH (DEB)

will vigorously pursue the interests of the Class. *See Johnson*, 2013 WL 75774, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute this Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, Movant has sustained the largest loss from Defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead this Action.

### C. The Court Should Approve of Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain the counsel of their choice as lead counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

### 1.   The Court Should Appoint Lowey as Lead Counsel for the Class

As reflected by the firm resume, attached to the Kaplan Decl. as Ex. E, Lowey has extensive experience prosecuting class actions, including securities fraud class actions Most recently, Lowey served as Lead Counsel to represent the Lead Plaintiff the New York City Funds and the certified class in a securities fraud action against technology giant Juniper Networks, Inc. *See In re Juniper Networks, Inc.*, C06-04327 (N.D. Cal.). *See also Norfolk Cnty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 332 F.R.D. 556, 581 (M.D. Tenn.) (certifying claims against one of the nation's largest hospital systems

and appointing Lowey as class counsel while noting "Lowey Dannenberg has done significant work in identifying and investigating the potential claims in the action . . . . Lowey Dannenberg has extensive experience and knowledge with securities class actions, to say the least."), *order clarified,* 334 F.R.D. 118 (M.D. Tenn. 2019). As a result of Lowey's extensive experience in securities litigation and class actions involving issues similar to those raised in the Related Actions, Lowey has the skills and knowledge necessary to enable the effective and expeditious prosecution of these Related Actions. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

### 2. The Court Should Appoint Saxena White as Liaison Class Counsel

The role of liaison counsel is typically one of handling administrative matters and communications between the court and other counsel. MANUAL FOR COMPLEX LITIGATION (FOURTH) §10.221 (2004). Saxena White will serve as a liaison for communications with the Court, ensure plaintiffs' compliance with local rules, and otherwise assist proposed Lead Counsel in prosecution of the action. As set forth in its resume, Saxena White is well qualified to perform this work given its experience in complex litigation matters and its familiarity of the practice and procedures of this Court and has extensive experience representing plaintiffs in class action and complex shareholder litigation, including in this district.  *See* Ex. F to Kaplan Decl. Based on the foregoing, Saxena White is well qualified and should be appointed Liaison Counsel for the Class.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the *IUOE Local No. 793 Action* with *In re Silvergate Securities Litigation,* No. 3:22-cv-01936-CAB (MSB) (S.D. Cal.); (2) appoint Movant Goldberg-Flores LLC as Lead Plaintiff for the Class; (3) approve of Movant's selection of Lowey as Lead

14

Counsel and Saxena White as Liaison Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: February 6, 2023                         Respectfully Submitted,

                                                  *s/ David R. Kaplan*
                                                **SAXENA WHITE**
                                                David R. Kaplan (SBN 230144)
                                                dkaplan@saxenawhite.com
                                                505 Lomas Santa Fe Drive, Suite 180
                                                Solana Beach, CA 92075
                                                Tel.: (858) 997-0860
                                                Fax: (858) 369-0096

                                                *Attorneys for Lead Plaintiff Movant*
                                                *Goldberg-Flores LLC and the Proposed*
                                                *Liaison Counsel*

                                                Vincent Briganti (*pro hac vice forthcoming*)
                                                Andrea Farah (*pro hac vice forthcoming*)
                                                Radhika Gupta (*pro hac vice forthcoming*)
                                                **LOWEY DANNENBERG, P.C.**
                                                44 South Broadway, Suite 1100
                                                White Plains, NY 10601
                                                Telephone: (914) 997-0500
                                                Fax: (914) 997-0035
                                                Email:vbriganti@lowey.com
                                                      afarah@lowey.com
                                                      rgupta@lowey.com

                                                *Attorneys for Lead Plaintiff Movant*
                                                *Goldberg-Flores LLC and the Proposed*
                                                *Lead Counsel*

15